**WHITE & CASE LLP**
YAR R. CHAIKOVSKY (CA 175421)
yar.chaikovsky@whitecase.com
ANDY LEGOLVAN (CA 292520)
andy.legolvan@whitecase.com
AMIR JABBARI (CA 339097)
amir.jabbari@whitecase.com
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158

ANNA B. NAYDONOV (*pro hac vice*)
anna.naydonov@whitecase.com
MARK DAVIES (*pro hac vice*)
mark.davies@whitecase.com
701 13th St NW # 600
Washington, DC 2005-3807
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

Attorneys for
Defendant Anthropic PBC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CARREYROU, LISA BARRETTA, PHILIP SHISHKIN, JANE ADAMS, MATTHEW SACKS, and MICHAEL KOCHIN,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC; GOOGLE LLC; OPENAI, INC.; OPENAI OPCO LLC; OPENAI GP LLC; OPENAI GLOBAL LLC; OAI CORPORATION LLC; OPENAI HOLDINGS LLC; META PLATFORMS, INC.; XAI CORPORATION; and PERPLEXITY AI, INC.,<br><br>Defendants. | Case No.  3:25-cv-10897-TLT<br><br>**DEFENDANT ANTHROPIC PBC'S MOTION TO DISMISS**<br><br>Complaint Filed: December 22, 2025<br><br>Judge: Hon. Trina L. Thompson |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that on May 12, 2026[1] at 2:00 pm or as soon thereafter as counsel may be heard before District Court Judge Trina L. Thompson at the San Francisco Courthouse, Courtroom 9, 450 Golden Gate Ave, San Francisco, CA 94102, Defendant Anthropic PBC will, and hereby does, move the Court to dismiss Plaintiffs' copyright infringement claim.

This Motion is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiffs fail to state a claim for copyright infringement, as follows:

1. Plaintiffs fail to allege copying sufficient to state a claim for copyright infringement.

2. Plaintiffs Carreyrou and Kochin lack standing to sue under the Copyright Act, or alternatively, the legal owners of their works are necessary parties and Plaintiffs must comply with Rule 19(c).

3. Plaintiffs' claims are barred by the Copyright Act's three-year statute of limitations.

4. Plaintiffs' assertion of non-exhaustive, unidentified copyrights is improper.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities; the Declaration of Andy LeGolvan and supporting exhibits; and the records, files, and pleadings in this case, and all other matters and evidence that the Court deems proper or appropriate.

Dated: February 17, 2026

WHITE & CASE LLP

By:      /s/ Yar R. Chaikovsky

Yar R. Chaikovsky
Anna B. Naydonov
Mark Davies
Andy LeGolvan
Amir Jabbari

*Attorneys for Defendant Anthropic PBC*

---

[1] For efficiency and cost-effectiveness, Anthropic intends to confer with Plaintiffs' counsel to request resetting the hearing date to March 24, 2026, which is the date counsel for Anthropic and Plaintiffs will already be before the Court on the request to sever. *See* ECF 95.

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................................ 1

II.     FACTUAL BACKGROUND ............................................................................................... 1

III.    LEGAL STANDARD .......................................................................................................... 2

IV.     ARGUMENT ....................................................................................................................... 3

        A.      Plaintiffs Fail to Allege Anthropic Copied Their Works ........................................ 3

        B.      Carreyrou and Kochin Improperly Assert Third-Party Rights ............................... 4

                1.      Carreyrou and Kochin Lack Standing .......................................................... 4

                2.      Alternatively, Penn State and Cambronne Are Necessary Parties,
                        and Plaintiffs Must Comply with Fed. R. Civ. P. 19(c) .............................. 5

        C.      Plaintiffs' Claims Are Barred by the Statute of Limitations .................................. 8

        D.      Plaintiffs' Claims Should Be Limited to Works Identified in Exhibit A .............. 11

V.      CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................................2, 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................................................2, 3

*Berríos-Nieves v. Fines-Nevarez*,
  No. 18-cv-1164, 2019 WL 12043410 (D.P.R. Feb. 7, 2019)....................................6, 7

*Bibbs v. Amazon.com, Inc.*,
  No. 24-cv-739, 2024 WL 4744035 (C.D. Cal. Aug. 22, 2024) ...................................11

*Bickoff v. Wells Fargo Bank, N.A.*,
  No. 11-cv-2452, 2012 WL 3637381 (S.D. Cal. Aug. 20, 2012)....................................7

*Ciero v. Walt Disney Co.*,
  No. 17-cv-8544, 2018 WL 11352373 (C.D. Cal. May 21, 2018) .............................9, 11

*CP Nat'l Corp. v. Bonneville Power Admin.*,
  928 F.2d 905 (9th Cir. 1991).........................................................................................6

*Destfino v. Reiswig*,
  630 F.3d 952 (9th Cir. 2011)..........................................................................................4

*ECIMOS, LLC v. Carrier Corp.*,
  No. 2:15-cv-2726, 2016 WL 2587290 (W.D. Tenn. May 4, 2016) ...............................7

*Hall v. YouTube, LLC*,
  No. 24-cv-4071-WHO, 2025 WL 1482007 (N.D. Cal. May 5, 2025) ........................3, 4

*Hi-Tech Gaming.com Ltd. v. IGT*,
  No. 2:08-cv-244, 2008 WL 4952208 (D. Nev. Nov. 18, 2008) .....................................7

*Hinton v. Pac. Enters.*,
  5 F.3d 391 (9th Cir. 1993)..........................................................................................9, 10

*ImprimisRx, LLC v. OSRX, Inc.*,
  No. 21-cv-1305, 2023 WL 2919318 (S.D. Cal. Apr. 12, 2023)......................................5

*In re Mosaic*,
  No. 24-cv-1451-CRB, 2025 WL 2402677 (N.D. Cal. Aug. 19, 2025)............................4

*In re Napster*,
  No. 04-cv-3004-MHP, 2005 WL 289977 (N.D. Cal. Feb. 3, 2005) ...........................11

*Johnson Controls, Inc. v. Phx. Control Sys.*,
886 F.2d 1173 (9th Cir. 1989)................................................................4, 7

*Lackey v. Sheppard*,
No. 22-cv-5653, 2022 WL 19241141 (C.D. Cal. Dec. 16, 2022)...........................4, 5

*Lynwood Invs. Cy Ltd. v. Konovalov*,
No. 20-cv-3778-LHK, 2021 WL 1164838 (N.D. Cal. Mar. 25, 2021)..................9, 10

*Michael Grecco Prods., Inc. v. BDG Media Inc.*,
No. 19-cv-4716, 2019 WL 13128605 (C.D. Cal. Nov. 21, 2019)............................10

*Mosher v. Veyda*,
No. 22-cv-9632, 2024 WL 4932621 (S.D.N.Y. Dec. 2, 2024) ...................................5

*Perrey v. Televisa S.A. de C.V.*,
No. 2:09-cv-6508, 2010 WL 11463111 (C.D. Cal. May 18, 2010)............................8

*Petrella v. MGM*,
572 U.S. 663 (2014)................................................................................8, 10

*Pirtle v. FCA US, LLC*,
No. 2:25-cv-3257, 2025 WL 4058236 (C.D. Cal. Dec. 8, 2025)..............................10

*Premier Tracks, LLC v. Fox Broad. Co.*,
No. 12-cv-1615, 2012 WL 13012714 (C.D. Cal. Dec. 18, 2012).............................11

*Rutledge v. Bos. Woven Hose & Rubber Co.*,
576 F.2d 248 (9th Cir. 1978)....................................................................9

*Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*,
733 F.3d 1251 (9th Cir. 2013)..................................................................9

*Shropshire v. Canning*,
No. 10-cv-1941-LHK, 2011 WL 90136 (N.D. Cal. Jan. 11, 2011) ..........................6

*Skidmore v. Zeppelin*,
952 F.3d 1051 (9th Cir. 2020).................................................................3

*Starz Ent., LLC v. MGM Domestic TV Distribution, LLC*,
39 F.4th 1236 (9th Cir. 2022) ...............................................................10

*Synopsys, Inc. v. ATopTech, Inc.*,
No. 13-cv-2965-SC, 2013 WL 5770542 (N.D. Cal. Oct. 24, 2013) ..........................3

*Taylor v. Universal Music Corp., Inc.*,
No. 13-cv-6412, 2014 WL 12607685 (C.D. Cal. Mar. 10, 2014).............................6

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
551 U.S. 308 (2007)...........................................................................3

DEFENDANT ANTRHOPIC'S MOTION TO DISMSS
CASE NO: 3:25-cv-10897-TLT

*Trinh v. Wells Fargo & Co.*,
No. 3:16-cv-2985, 2017 WL 5548777 (S.D. Cal. Nov. 16, 2017)............................................7

*U.S. v. Ritchie*,
342 F.3d 903 (9th Cir. 2003)..................................................................................................3

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003)..............................................................................................10

*Warner Chappell Music v. Nealy*,
601 U.S. 366 (2024).............................................................................................................10

*White v. Marshall*,
No. 07-cv-892, 2009 WL 230096 (E.D. Wis. Jan. 30, 2009) ......................................................6

*Williams v. Aserraderos Arauco, SA*,
No. 12-cv-4912-WHO, 2015 WL 2228794 (N.D. Cal. May 12, 2015) ......................................9

*Willis v. Elec. Arts, Inc.*,
No. 2:08-cv-1311, 2009 WL 10710038 (D. Nev. Sept. 23, 2009)..............................................7

*Wolo Mfg. Corp. v. ABC Corp.*,
349 F. Supp. 3d 176 (E.D.N.Y. 2018) ...................................................................................11

**FEDERAL STATUTES**

17 U.S.C. § 410(c) ............................................................................................................4, 6, 7

17 U.S.C. § 411(a) .....................................................................................................................4

17 U.S.C. § 501(b) ...............................................................................................................4, 6, 8

17 U.S.C. § 507(b) .....................................................................................................................8

**FEDERAL RULES**

Fed. R. Civ. P. 19 .............................................................................................................4, 5, 7, 8

DEFENDANT ANTRHOPIC'S MOTION TO DISMSS
CASE NO: 3:25-cv-10897-TLT

<b><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></b>

## I.    INTRODUCTION

Plaintiffs are authors who allege that Anthropic—and five other technology companies—infringed their copyrights by using their books to train AI models. Plaintiffs do not allege that Anthropic's model—Claude—reproduces any portion of their books. Instead, their theory is that the training process itself constitutes infringement rather than fair use. Whatever the merits of that debate, the Court need not reach it here because the Complaint fails on multiple threshold grounds.

*First*, Plaintiffs fail to allege that Anthropic copied their works. Plaintiffs claim their works appear in two repositories—LibGen and Z-Library—and they allege that *other* Defendants sourced training data from those repositories. But they allege that Anthropic trained only on a *different* repository: Books3. Plaintiffs do not allege their works appear in Books3, which they allege is separate and distinct from LibGen and Z-Library. That failure defeats Plaintiffs' copying claim.

*Second*, two of the Plaintiffs—Carreyrou and Kochin—lack standing to sue under the Copyright Act. They claim to be exclusive owners of their copyrighted books, but the copyright registrations list third parties, not Carreyrou or Kochin, as the legal owners. Without alleging a basis for standing under the Copyright Act, they cannot sue.

*Third*, Plaintiffs' claims against Anthropic are untimely. Plaintiffs' allegations against Anthropic trace to a single research paper that Anthropic publicly released in December 2021. Yet Plaintiffs waited until December 2025 to file—well past the Copyright Act's three-year limitation period. And none of the Plaintiffs allege facts supporting any grounds for tolling or delayed accrual.

*Fourth*, in addition to specific registered copyrights, Plaintiffs assert some unidentified "non-exhaustive list" of additional copyrights. Courts routinely dismiss such placeholder claims.

Each ground independently warrants dismissal.

## II.    FACTUAL BACKGROUND

Plaintiffs are authors[2] who claim Anthropic and five other technology companies infringed their copyrights by using their books to train large language models. Compl. ¶¶ 18–23. They do not

---

[2] While six authors originally sued all six companies, Plaintiff Jane Adams voluntarily dismissed her claim against Anthropic, leaving only five plaintiffs suing Anthropic. *See* ECF 50.

- 1 -

allege any model's output reproduces their books. Instead, they claim the training process itself—using the text to teach models syntax and structure—is copyright infringement. *Id*. ¶¶ 1–3.

Each Plaintiff alleges they are the owners and hold the exclusive rights to the asserted works. Compl. ¶¶ 18–24, 120. For two Plaintiffs—Carreyrou and Kochin—their copyright registrations list third parties as the legal owners. *See* LeGolvan Decl., Exs. A, B (listing Pennsylvania State University and Cambronne Inc. as the "copyright claimant" "by written agreement"). Thus, the registrations contradict Carreyrou's and Kochin's claims of exclusive ownership—as well as their Rule 7.1 and Local Rule 3-15 disclosures—and the Complaint does not address this discrepancy. *See* ECF 16 (disclosure statement listing no third-party interests).

Plaintiffs allege their books appear in only two specific repositories: "LibGen and Z-Library." Compl. ¶¶ 18–23. Plaintiffs then allege most of the Defendants—but not Anthropic—accessed those specific repositories to obtain training data. *E.g., id.* ¶¶ 61 (OpenAI), 73–74 (Google), 83 (Meta), 94 (xAI). As to Anthropic, Plaintiffs only allege Anthropic obtained and trained on a different dataset called "Books3." Compl. ¶¶ 50–51. Plaintiffs do not allege Anthropic sourced from LibGen or Z-Library, and Plaintiffs concede Books3 is "a separate repository" from LibGen and Z-Library. *Id*. ¶ 43. Plaintiffs do not explain in their Complaint how obtaining data from a repository they do not allege contained their books could constitute copyright infringement.

Plaintiffs' allegations against Anthropic are based on a research whitepaper that Anthropic publicly released on December 9, 2021. Compl. ¶¶ 50–51. That paper disclosed that Anthropic had used The Pile—which includes Books3—to train research models. *Id.* ¶ 50; LeGolvan Decl., Exs. K, L. Plaintiffs filed this action on December 22, 2025, more than four years after this paper was published. The Complaint does not allege when Plaintiffs first learned of the alleged infringement and does not allege any facts supporting tolling or delayed accrual.

### III.    LEGAL STANDARD

A complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. While the Court must accept factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Courts may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). As relevant here, documents that may be considered include copyright registrations on file with the U.S. Copyright Office, *Hall v. YouTube, LLC*, No. 24-cv-4071-WHO, 2025 WL 1482007, at *2 (N.D. Cal. May 5, 2025) ("courts may take judicial notice of copyright registrations as public records"), as well as documents referred to extensively in the complaint or forming the basis of a claim. *See U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## IV.    ARGUMENT

### A.  Plaintiffs Fail to Allege Anthropic Copied Their Works

To state a claim for copyright infringement by copying, Plaintiffs must allege that Anthropic copied their works. *Skidmore v. Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020). They must plead "non-speculative facts about what Defendant infringed and how." *Synopsys, Inc. v. ATopTech, Inc.*, No. 13-cv-2965-SC, 2013 WL 5770542, *4 (N.D. Cal. Oct. 24, 2013). Plaintiffs' Complaint does not clear this basic threshold as to Anthropic, and their claims should be dismissed on this basis.

Plaintiffs allege only that their books appear in "the LibGen and Z-Library shadow libraries." Compl. ¶¶ 18–23. Plaintiffs then allege that other Defendants sourced training materials from LibGen, Z-Library, or both. *See, e.g.*, *id*. ¶ 61 (OpenAI "sourced training materials from LibGen"), ¶¶ 73–74 (Google trained on "materials scraped from Z-Library"), ¶ 83 (Meta "downloaded books directly from LibGen [and] Z-Library"), ¶ 94 (xAI trained on books "scraped . . . from 'shadow library' repositories such as . . . LibGen"). Whatever the sufficiency of these allegations as to other Defendants, Plaintiffs at the very least allege that their books were contained in the datasets that the other Defendants downloaded.

But Plaintiffs do not allege Anthropic sourced from LibGen or Z-Library. Rather, relying on Anthropic's December 2021 whitepaper, they allege that Anthropic trained on a *different* dataset: Books3. Compl. ¶¶ 50–51. Plaintiffs concede Books3 is "a separate repository" from

LibGen and Z-Library, and that the three are "distinct pirated datasets, each differing in origin, structure, and method of distribution." *Id*. ¶ 43. The Complaint contains no allegation that Plaintiffs' works appear in Books3, which is the only repository from which Anthropic allegedly sourced training data. Those allegations fail against Anthropic. *See In re Mosaic*, No. 24-cv-1451-CRB, 2025 WL 2402677, *2 (N.D. Cal. Aug. 19, 2025) (dismissing where plaintiffs failed to allege training materials sourced from "shadow library websites . . . that contain Plaintiffs' works").[3]

### B. Carreyrou and Kochin Improperly Assert Third-Party Rights

Carreyrou and Kochin's ownership allegations are contradicted by their own copyright registrations. That discrepancy has two consequences: First, they lack standing to assert claims for copyright infringement to works they do not own. Their claims should be dismissed on these grounds alone. Second, even if they could plead a non-futile basis for standing in an amended complaint, the legal owners identified in the copyright registrations are necessary parties under Rule 19, which required Carreyrou and Kochin to either join them as parties or plead affirmatively why their joinder is not feasible. These Plaintiffs did neither.

### 1. Carreyrou and Kochin Lack Standing

In copyright cases, standing requires more than a bare assertion of ownership. A plaintiff must allege facts establishing that they are the "legal or beneficial owner" of the works in suit. *Lackey v. Sheppard*, No. 22-cv-5653, 2022 WL 19241141, *3 (C.D. Cal. Dec. 16, 2022); 17 U.S.C. § 501(b). And because the Copyright Act requires registration before a plaintiff may file suit, *see* 17 U.S.C. § 411(a), there is a public record for the Court to consult. *See Hall*, 2025 WL 1482007, at *2 ("courts may take judicial notice of copyright registrations as public records").

Indeed, registration certificates constitute "prima facie evidence" of the facts stated therein, including ownership. 17 U.S.C. § 410(c); *Johnson Controls, Inc. v. Phx. Control Sys.*, 886 F.2d 1173, 1175 (9th Cir. 1989) ("copyright registration is prima facie evidence of ownership"). Courts

---

[3] Plaintiffs may point to "group pleading" allegations in their Complaint where they accuse all six independent Defendants of general conduct with broad language. *E.g.*, Compl. ¶ 2 ("each Defendant downloaded pirated copies of Plaintiffs' books from shadow-library websites such as LibGen"); *see also id*. ¶¶ 8, 25, 42. But these "group" or "shotgun" allegations should be disregarded. *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (affirming dismissal of "shotgun pleading" that essentially alleged "everyone did everything" and failed to "state clearly how each and every defendant is alleged to have violated plaintiffs' legal rights").

- 4 -

routinely look to registrations to test whether the Complaint's ownership allegations hold up. *Lackey*, 2022 WL 19241141, *3 (consulting registration regarding pleaded ownership claim); *ImprimisRx, LLC v. OSRX, Inc.*, No. 21-cv-1305, 2023 WL 2919318, *6 (S.D. Cal. Apr. 12, 2023) (same); *Mosher v. Veyda*, No. 22-cv-9632, 2024 WL 4932621, *7 (S.D.N.Y. Dec. 2, 2024) (same).

Here, while Carreyrou and Kochin allege they are the "owners" and "hold exclusive rights" to their works (Compl. ¶ 120), the copyright registrations tell a different story. The registrations state that Penn State and Cambronne Inc. are the legal owners by "written agreement." *See* LeGolvan Decl., Exs. A, B. Carreyrou and Kochin's conclusory "ownership" claim cannot overcome the registrations. *Lackey*, 2022 WL 19241141, *3 (dismissing complaint where plaintiff alleged conclusory ownership claim but copyright registration listed third party as "claimant"); *Mosher*, 2024 WL 4932621, *7 (same; "As the attached certificate of registration states that [third party] is the claimant, it must have obtained all rights under the copyright"); *ImprimisRx*, 2023 WL 2919318, *6 (same; "The copyright registration reveals that Harrow IP, LLC, and not Plaintiff, is the owner of the copyright at issue."). Nor does the Complaint explain the discrepancy. Accordingly, Carreyrou and Kochin's claims should be dismissed for lack of standing.

### 2. Alternatively, Penn State and Cambronne Are Necessary Parties, and Plaintiffs Must Comply with Fed. R. Civ. P. 19(c)

Even if Carreyrou and Kochin could allege non-futile bases for standing, Penn State and Cambronne are necessary parties under Rule 19(a). Therefore, if Plaintiffs are granted leave to amend, they must either join Penn State and Cambronne or carry their pleading burden for failing to do so. *See* Fed. R. Civ. P. 19(c) (requiring plaintiffs to plead the identity of any absent necessary parties and "the reasons for not joining" them to the suit). Anthropic thus requests that the Court order Plaintiffs' compliance with Rule 19(c).

**Penn State and Cambronne are necessary parties**. A party is necessary if disposing of the action in the party's absence would "as a practical matter impair or impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1). The Copyright Act itself

provides for notice to and joinder of "any person having or claiming an interest in the copyright." 17 U.S.C. § 501(b). Cambronne and Penn State meet this test for several reasons.

First, proceeding without them leaves Anthropic exposed to "substantial risk of incurring double, multiple, or otherwise inconsistent obligations" if they sue later in a separate action. *See Shropshire v. Canning*, No. 10-cv-1941-LHK, 2011 WL 90136, *7 (N.D. Cal. Jan. 11, 2011) ("there is no bar to [absent co-owner] bringing its own copyright infringement claims against Defendant for the same conduct"); *White v. Marshall*, No. 07-cv-892, 2009 WL 230096, *3 (E.D. Wis. Jan. 30, 2009) (requiring joinder of copyright co-claimant because defendants "may be subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of her claimed interest"); *Berríos-Nieves v. Fines-Nevarez*, No. 18-cv-1164, 2019 WL 12043410, *9 (D.P.R. Feb. 7, 2019) (findings may "subject Defendants to inconsistent obligations if the absent [putative owners'] initiated a separate action regarding their rights under the [copyrights]"). This policy interest in avoiding multiplicity of suits favors Anthropic as the would-be defendant in a duplicative suit "but also that of the public in avoiding repeated lawsuits on the same essential subject matter." *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991) (quoting Rule 19 advisory committee's note).[4]

Second, because Cambronne and Penn State are legal owners "[b]y written agreements," proceeding without them potentially prejudices their ownership and commercial rights. *See, e.g.*, *Shropshire*, 2011 WL 90136 at *7 (copyright co-owner and publisher is "necessary" party because of contractual licensing and revenue rights; "[it] has a legally protected interest in the subject of this suit and should be joined as a necessary party"); *Taylor v. Universal Music Corp., Inc.*, No. 13-cv-6412, 2014 WL 12607685, *4 (C.D. Cal. Mar. 10, 2014) (joinder of copyright co-owner where "[r]esolution of th[e] [infringement] lawsuit could adversely affect [his] ownership rights").

Indeed, Carreyrou and Kochin's claim of exclusive ownership in the Complaint conflicts with Penn State and Cambronne's prima facie ownership claim. *See* 17 U.S.C. § 410(c) (copyright registration is "prima facie evidence" of the facts stated in the certificate); *Johnson Controls*, 886

---

[4] For example, while Penn State confirmed it is the owner of the Kochin work, it declined to join this action voluntarily, but without stating whether it would plan to enforce its rights elsewhere—leaving Anthropic at risk of a separate, duplicative suit by Penn State. *See* LeGolvan Decl., Ex. I.

F.2d 1173, 1175 (under section 410(c), "copyright registration is prima facie evidence of ownership"). Penn State and Cambronne are thus required parties to resolve this apparent ownership conflict. *See, e.g.*, *Willis v. Elec. Arts, Inc.*, No. 2:08-cv-1311, 2009 WL 10710038, *5 (D. Nev. Sept. 23, 2009) ("UNLV's ability to protect its copyright in the fight song will be impaired if [plaintiff's] infringement claim is adjudicated in UNLV's absence"); *ECIMOS, LLC v. Carrier Corp.*, No. 2:15-cv-2726, 2016 WL 2587290, *4 (W.D. Tenn. May 4, 2016) ("If the Court resolves the ownership issue in [third parties'] absence, their ability to assert their alleged ownership interest would be impeded"); *Berríos-Nieves*, 2019 WL 12043410, *9 (claim asserting copyright interest adverse to absent parties requires their joinder).[5]

**Plaintiffs must comply with Rule 19(c)**. Given these facts known to Plaintiffs when they filed the Complaint, they were required to plead the identity of these parties and "the reasons for not joining" them. Fed. R. Civ. P. 19(c) ("Pleading the Reasons for Nonjoinder. When asserting a claim for relief, a party must state: (1) the name, if known, of any person who is required to be joined if feasible but is not joined; and (2) the reasons for not joining that person."); *see, e.g.*, *Bickoff v. Wells Fargo Bank, N.A.*, No. 11-cv-2452, 2012 WL 3637381, at *3 (S.D. Cal. Aug. 20, 2012) ("Plaintiff neither named [third party] as a required party nor demonstrated why joinder would not be feasible, as required by Rule 19(c)."); *Hi-Tech Gaming.com Ltd. v. IGT*, No. 2:08-cv-244, 2008 WL 4952208, at *4 (D. Nev. Nov. 18, 2008) ("Plaintiffs have not complied with Rule 19(c)'s requirement to . . .state the reasons why Plaintiffs did not join [third party].").

Plaintiffs made no attempt at Rule 19(c) compliance. Indeed, Plaintiffs did not even disclose these interested parties as required under Rule 7.1 and Local Rule 3-15. *See* ECF 16 (identifying no third-party interests). Thus, if Plaintiffs can show non-futile grounds to cure the standing deficiencies through amendment, the Court should order compliance with Rule 19(c). *See Trinh v. Wells Fargo & Co.*, No. 3:16-cv-2985, 2017 WL 5548777, at *5 (S.D. Cal. Nov. 16, 2017) (ordering plaintiff to "amend the complaint to include the allegations required by Rule 19(c)"). This

---

[5] Anthropic has contacted Penn State and Cambronne on this discrepancy. LeGolvan Decl., Exs. G, H. Penn State confirms that it—not Kochin—"is the owner of the copyright." *Id.*, Ex. I. Cambronne, on the other hand, has acknowledged receipt of Anthropic's correspondence but did not respond by the requested February 11, 2026 deadline or otherwise. *Id.*, Ex. J.

threshold step is necessary to determine whether their joinder must be ordered, *see* Fed. R. Civ. P. 19(a)(2) ("If a person has not been joined as required, the court must order that the person be made a party."); 17 U.S.C. § 501(b) ("The court may require the joinder . . . of any person having or claiming an interest in the copyright."), and failing that, whether Plaintiffs' case should proceed at all. *See* Fed. R. Civ. P. 19(b) (if joinder is not feasible, "the court must determine whether . . . the action should proceed among the existing parties or should be dismissed").[6]

Anthropic lastly notes that there appears to be other interested third parties regarding the asserted works, such as publishers listed on the face of the copyright registrations. *See* Ex. B (Carreyrou registration listing William Morris Endeavor Entertainment and Penguin Random House LLC); Ex. C (Shishkin registration listing Yale University Press); Ex. D (Barretta registration listing Llewellyn Worldwide, Ltd.); Exs. E, F (Sacks registration listing the address of publisher, Apress). While they are not listed expressly as "claimant" or otherwise owners, copyright registrations only provide a snapshot at the time of registration. In other words, these publishers may well be the owners by transfer agreements executed after registration. Thus, as these third-party interests have the potential to impact similar questions of standing and joinder—and only Plaintiffs know the full facts regarding their interests—the Court should similarly order Plaintiffs to address these interests, as appropriate, as part of any Rule 19(c) compliance.

### C. Plaintiffs' Claims Are Barred by the Statute of Limitations

Plaintiffs' own allegations establish that the Books3 copying they allege—if it occurred at all—took place more than four years before they filed suit. The Copyright Act, however, imposes a three-year statute of limitations, and a claim "'accrue[s]' when an infringing act occurs." *Petrella v. MGM*, 572 U.S. 663, 670 (2014); 17 U.S.C. § 507(b).

Plaintiffs allege Anthropic used "The Pile" dataset, which contains Books3. Compl. ¶ 50. For this proposition, Plaintiffs cite a December 9, 2021 whitepaper in which Anthropic disclosed publicly that it had "sourced [training content] from The Pile." *Id.*; LeGolvan Decl., Ex. K. Any

---

[6] For Anthropic's part, it has satisfied its Rule 19 prerequisites. Anthropic has taken the appropriate steps to notify Cambronne and Penn State of this action. *See Perrey v. Televisa S.A. de C.V.*, No. 2:09-cv-6508, 2010 WL 11463111, *2 (C.D. Cal. May 18, 2010) (denying joinder of legal owner of copyright until defendant first notified and invited legal owner to intervene voluntarily); LeGolvan Decl., Exs. G, H (letters requesting to join voluntarily).

copying necessarily occurred earlier. The limitations period thus expired by December 9, 2024 at the latest. Yet Plaintiffs did not file this case until December 22, 2025—more than a year after the three-year deadline, and more than four years after the conduct they now challenge. *See Ciero v. Walt Disney Co.*, No. 17-cv-8544, 2018 WL 11352373, *4 (C.D. Cal. May 21, 2018) (dismissing complaint alleging infringement occurred over three years earlier). Where, like here, a claim is time-barred "from the face of the complaint" and the plaintiff has not alleged facts supporting tolling or delayed accrual, the Court need not go further and the complaint should be dismissed. *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251 (9th Cir. 2013).

But even if the Court considers any tolling or delayed accrual arguments Plaintiffs might raise in opposition, none can save their claims. Because the limitations expiration is "apparent on the face of the complaint," Plaintiffs had "the burden of alleging facts which would give rise to tolling." *Williams v. Aserraderos Arauco, SA*, No. 12-cv-4912-WHO, 2015 WL 2228794, *2 (N.D. Cal. May 12, 2015) (quoting *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993)); *Ciero*, 2018 WL 11352373, *4 (dismissing complaint alleging infringement occurred over three years earlier and rejecting delayed-accrual theory as not alleged in the complaint). Plaintiffs have not done so.

**Concealment fails**. The Complaint vaguely suggests Plaintiffs may rely on an undeveloped "attempted [] concealment" theory to support tolling. *See* Compl. ¶ 57 (Anthropic "attempted to conceal the precise composition of its training corpus"). Plaintiffs' conclusory allegations do not support tolling, and the Complaint itself belies any allegation of concealment.

First, Plaintiffs fail to allege the substantive elements for concealment tolling: (1) "affirmative acts of concealment," (2) lack of "actual or constructive knowledge of facts giving rise to [the] claim," and (3) "diligence" in pursuing "the facts giving rise to the cause of action." *Lynwood Invs. Cy Ltd. v. Konovalov*, No. 20-cv-3778-LHK, 2021 WL 1164838, *10–11 (N.D. Cal. Mar. 25, 2021). Plaintiffs allege no affirmative conduct—only a vague allegation that Anthropic "attempted to conceal" without explaining what "attempted" means or if it succeeded. *See Rutledge v. Bos. Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978) (plaintiffs "cannot rely upon conclusory [concealment allegations] to avoid the bar of limitations," nor can they rely on defendant's "[s]ilence or passive conduct"). And they allege nothing about their diligence despite

- 9 -

Anthropic's supposed attempted concealment. Further, Plaintiffs' attempted concealment theory is negated by their own theory of the case, which is that they learned of Anthropic's alleged infringement through a research paper that *Anthropic itself published* in December 2021. Compl. ¶¶ 50–51. Plaintiffs do not—and cannot—argue that they were prevented from discovering information that Anthropic affirmatively published to the world.

Second, concealment-based tolling "must be pled with particularity." *Lynwood*, 2021 WL 1164838, *10 (citing Fed. R. Civ. P. 9(b)); *Hinton*, 5 F.3d at 395 ("must plead with particularity the circumstances surrounding the concealment and state facts showing his due diligence in trying to uncover the facts"). This requires, at minimum, "the who, what, when, where, and how." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). At best, Plaintiffs' allegations of concealment amount to a single sentence: that Anthropic "attempted to conceal the precise composition of its training corpus." Compl. ¶ 57. Vague and conclusory allegations that Anthropic "attempted to conceal"—without elaboration—fall far short of required particularity. *See Pirtle v. FCA US, LLC*, No. 2:25-cv-3257, 2025 WL 4058236, *9 (C.D. Cal. Dec. 8, 2025) (conclusory allegation that car maker "concealed" defects fails).

**Discovery rule fails**. Finally, Plaintiffs may invoke the discovery rule. While the Ninth Circuit applies it to copyright claims, *Starz Ent., LLC v. MGM Domestic TV Distribution, LLC*, 39 F.4th 1236, 1246 (9th Cir. 2022), the Supreme Court has twice declined to endorse that approach. *Warner Chappell Music v. Nealy*, 601 U.S. 366, 368 (2024) (majority "assume[d] without deciding" discovery rule applies); *Petrella*, 572 U.S. at 670 n.4. And three Justices recently questioned whether the Copyright Act "has any room for such a rule," noting the Act contemplates accrual "when an infringing act occurs." *Nealy*, 601 U.S. at 375–76 (Gorsuch, J., dissenting). While Anthropic appreciates the Court is bound by Ninth Circuit precedent, Anthropic respectfully submits that the discovery rule should not apply to claims under the Copyright Act and preserves this issue for appellate review.

Even under the discovery rule, plaintiffs asserting untimely claims must plead delayed discovery affirmatively and explain why their delay was reasonable. *See Michael Grecco Prods., Inc. v. BDG Media Inc.*, No. 19-cv-4716, 2019 WL 13128605, *4 (C.D. Cal. Nov. 21, 2019) (burden

on plaintiff to allege entitlement to discovery rule); *In re Napster*, No. 04-cv-3004-MHP, 2005 WL 289977, *3 (N.D. Cal. Feb. 3, 2005) (same); *Ciero*, 2018 WL 11352373, *4 (same). Here, Plaintiffs do not even allege when they discovered the infringement, much less why their delay was reasonable. Instead, their own allegations confirm that every piece of information underlying their claims was publicly available for over five years via the 2021 whitepaper.

### D. Plaintiffs' Claims Should Be Limited to Works Identified in Exhibit A

Plaintiffs allege infringement of a "***non-exhaustive*** list of registered copyrights." Compl. ¶ 24 (emphasis added). This allegation fails to satisfy basic pleading requirements to the extent Plaintiffs purport to allege infringement of copyrights not identified in Exhibit A. *See Premier Tracks, LLC v. Fox Broad. Co.*, No. 12-cv-1615, 2012 WL 13012714, *8–9 (C.D. Cal. Dec. 18, 2012) (dismissing claim for copyrights "yet to be identified"); *Bibbs v. Amazon.com, Inc.*, No. 24-cv-739, 2024 WL 4744035, *4 (C.D. Cal. Aug. 22, 2024) (dismissing claim "to the extent Plaintiff seeks to base the copyright claim on copyrights or works beyond those identified in Exhibit 1"); *Wolo Mfg. Corp. v. ABC Corp.*, 349 F. Supp. 3d 176, 202 (E.D.N.Y. 2018) (dismissing "placeholder" claim based on "other works" not yet identified). The Court should dismiss all claims as to works not identified in Exhibit A.

## V.   CONCLUSION

Plaintiffs' claims fail at the threshold. Plaintiffs' theory of infringement depends on a link between their works and Anthropic's training data that the Complaint never supplies. Two of the five plaintiffs do not show they even own the copyrights they seek to enforce. And all Plaintiffs waited more than a year past the statutory deadline to file. The Court should dismiss the Complaint.

Date: February 17, 2026

WHITE & CASE LLP

By:   */s/ Yar R. Chaikovsky*

Yar R. Chaikovsky
Anna B. Naydonov
Mark Davies
Andy LeGolvan
Amir Jabbari
*Attorneys for Defendant Anthropic PBC*

DEFENDANT ANTRHOPIC'S MOTION TO DISMISS
CASE NO: 3:25-cv-10897-TLT